**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

JOHN K. SHERWOOD
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JULY 22, 2015**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY:  s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

July 22, 2015

Steven J. Mitnick, Esq.
SM Law PC
PO Box 530
49 Old Turnpike Road
Oldwick, New Jersey 08858
*Counsel for Plaintiff,*
*Eric R. Perkins, Chapter 7 Trustee*

Bernstein Law Firm, P.C.
707 Grant Street, Suite 220
Pittsburgh, PA 15219
*Counsel for Defendant*

Hangzhou Sibading Import & Export Co. Ltd.
Dongshancun Renhezhen Yuhang District Hangzhou City
Zhejiang Province, CHINA
Attention: Officer, Managing or General Agent, or Any
Other Agent Authorized by Appointment or by Law to
Receive Service of Process
*Defendant in Adversary Proceeding No. 13-1408 (JKS)*

Dacheng Law Offices LLP
Attn: Eugene Meyers
2 Wall Street, 2nd Floor
New York, New York 10005
*Counsel for Defendant*

Hangzhou Good Sports Goods Co. a/k/a Hangzhou Good
Sports Goods Co., Ltd. No. 3 Road
Shushangwang Development Zone
Hangzhou City, CHINA
Attention: Officer, Managing or General Agent, or Any
Other Agent
Authorized by Appointment or by Law to Receive
Service of Process
*Defendant in Adversary Proceeding No. 13-1469 (JKS)*

Page 2
July 22, 2015

Re:   **Eric R. Perkins, etc. v. Hangzhou Sibading Import & Export Co., Ltd.**
      **Adversary Proceeding No. :  13-1408 (JKS)**
      **Eric R. Perkins, etc. v. Hangzhou Good Sports Goods Co., etc.**
      **Adversary Proceeding No. :  13-1469 (JKS)**


Dear Counsel and Defendants:

This matter is before the Court pursuant to *Motions to Enter Default Judgment* filed in two separate adversary proceedings, both initiated within the bankruptcy case of *In re Sportcraft, Ltd.*, Case No. 11-46684 (JKS): *Eric R. Perkins, Chapter 7 Trustee v. Hangzhou Sibading Import & Export Co., Ltd.*, Adv. Pro. No. 13-1408 ("Sibading Adversary"); and *Eric R. Perkins, Chapter 7 Trustee v. Hangzhou Good Sports Goods Co. a/k/a Hangzhou Good Sports Goods Co., Ltd.*, Adv. Pro. No. 13-1469 ("Good Sports Adversary").  For the reasons that follow, the Court denies the request for entry of default judgment in both adversaries, without prejudice to the Trustee's right to file motions for substituted service, followed by renewed requests for default judgment.

## FACTS AND PROCEDURAL HISTORY

Sportcraft Ltd. ("Debtor") filed a voluntary petition for relief on December 30, 2011 under Chapter 7 of Title 11 of the United States Code.  Eric R. Perkins was appointed the Chapter 7 Trustee ("Trustee").

**The Sibading Adversary**

On March 21, 2013, Hangzhou Sibading Import & Export Co., Ltd. ("Sibading"), through counsel, Bernstein Law Firm, P.C., filed a request for payment of administrative expense, identified on the Claims Register as Claim No. 68-1, in the amount of $330,719.23.  On March 23, 2013, Sibading, through counsel, filed a non-priority general unsecured proof of claim, identified on the Claims Register as Claim No. 78-1, in the amount of $906,340.52.

On April 17, 2013, counsel for the Trustee filed a *Complaint to Avoid and Recover Transfers of Property Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* against Sibading.  According to counsel for the Trustee, Sibading is a company located in China.

On July 13, 2013, counsel for the Trustee filed a *Request to Enter Default Pursuant to Federal Rule of Bankruptcy Procedure 7055*.

On July 22, 2013, the Clerk issued an *Entry of Default*.

Page 3
July 22, 2015

On April 10, 2015, counsel for the Trustee filed a *Notice of Motion to Enter Default Judgment*.  Following the return date on the Motion to Enter Default Judgment, the Court asked counsel for the Trustee for a further submission to address the adequacy of service of the Sibading Complaint and related Summons.

On June 8, 2015, counsel for the Trustee filed a *Certification of Service* stating that on April 19, 2013, counsel caused a filed copy of the Complaint, Summons, Notice of Pretrial Conference, Pretrial Instructions, and Joint Order Scheduling Pretrial Proceedings and Trial to be mailed via registered and ordinary mail to Sibading at a China address, as well as a copy to Bernstein Law Firm, P.C., in Pittsburgh, Pennsylvania.

Counsel for the Trustee also filed a *Letter Brief* addressing the issue of service in both the Sibading Adversary and the Good Sports Adversary.  In the Letter Brief, counsel advises that in addition to the modes of service identified in the Certification of Service, international personal service in compliance with the Hague Convention on Sibading is currently pending in China.  It is not clear from the record if the Trustee has had any success with respect to international personal service.

**The Good Sports Adversary**

On April 3, 2012, Hangzhou Good Sports Goods Co., a/k/a Hangzhou Good Sports Goods Co., Ltd. ("Good Sports"), through counsel, Dacheng Law Offices LLP, filed a non-priority general unsecured proof of claim, identified on the Claims Register as Claim No. 121-1 in the amount of $819,064.74.  On May 15, 2012, Good Sports, again through counsel, filed an administrative proof of claim, identified on the Claims Register as Claim No. 121-2, in the amount of $196,304.74.

On the same date, counsel for Good Sports filed a *Notice of Appearance* in the main case.

On May 10, 2013, counsel for the Trustee filed a *Complaint to Avoid and Recover Transfers of Property Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* against Good Sports.  According to counsel for the Trustee, Good Sports is a company located in China.

On August 1, 2013, counsel for the Trustee filed a *Request to Enter Default Pursuant to Federal Rule of Bankruptcy Procedure 7055*.

On August 6, 2013, the Clerk issued an *Entry of Default*.

Page 4
July 22, 2015


On April 10, 2015, counsel for the Trustee filed a *Notice of Motion to Enter Default Judgment*. Following the return date on the Motion to Enter Default Judgment, the Court asked counsel for the Trustee for a further submission to address the adequacy of service of the Good Sports Complaint and related Summons.

On June 8, 2015, counsel for the Trustee filed a *Certification of Service* stating that on May 22, 2013, counsel caused a filed copy of the Complaint, Summons, Notice of Pretrial Conference, Pretrial Instructions, and Joint Order Scheduling Pretrial Proceedings and Trial to be mailed via registered and ordinary mail to Good Sports at a China address, as well as a copy to Dacheng Law Offices LLP in New York, New York.

Counsel for the Trustee also filed a *Letter Brief* addressing the issue of service in both the Sibading Adversary and the Good Sports Adversary. In the Letter Brief, counsel advises that in addition to the modes of service identified in the Certification of Service, international personal service in compliance with the Hague Convention on Good Sports is currently pending in China. Again, it is not clear from the record if the Trustee has had any success with respect to international personal service.

In the Letter Brief, counsel for the Trustee also represented that Dacheng Law Offices, LLP advised that it was not representing Good Sports and did not have authority to accept service of the Good Sports Complaint.


## DISCUSSION

### I.      Service of Process

"[B]efore engaging in a Rule 55 analysis, a threshold issue is whether plaintiff properly effectuated service of process." *Moody Nat'l FFI Meadowlands MT, LLC v. Gager* (*In re Moody Nat'l FFI*), 2013 WL 622128, *4 (D.N.J. Jan. 24, 2013), *citing United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000)("[T]he entry of a default judgment without proper service of a complaint renders that judgment void."). Also, it is noteworthy that a defendant who files a proof of claim may subject itself to the personal jurisdiction of the Court, but that does not obviate the need for adequate service of a complaint. *See e.g., Cory v. Real Wisdom Int'l, Ltd.* (*In re Pacific Magtron, Inc.*), 2007 WL 836826, at *1-2 (Bankr. D. Nev. Mar. 15, 2007), *citing United States v. Levoy* (*In re Levoy*), 182 B.R. 827, 833-34 (B.A.P. 9th Cir. 1995).

Plaintiff has the burden of proving sufficient service of process. *In re Moody Nat'l FFI*, 2013 WL 622128 at *4, *citing Grand Entm't Group, Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (further citations omitted).

Page 5
July 22, 2015

Federal Rule of Civil Procedure 4(h), made applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 7004(h), applies to service of process of a corporation in a foreign country.  That Rule provides:

> (h) Serving a Corporation, Partnership, or Association.  Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
>
>                                         . . .
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h); Fed. R. Bankr. P. 7004(h).

Federal Rule of Civil Procedure 4(f) and Federal Rule of Bankruptcy Procedure 7004(f) provide:

> (f) Serving an Individual in a Foreign Country.  Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . .;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

Page 6
July 22, 2015

(3) by any other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); Fed. R. Bankr. P. 7004(f).

Trustee, through counsel, argues service is sufficient under two theories: (1) service via regular mail is sufficient under Fed. R. Civ. P. 4(f)(1) where Sibading and Good Sports did not file any formal objection to service by mail; and (2) Sibading and Good Sports retained counsel in the United States to file proofs of claims, therefore, this Court should consider service on counsel substituted service on the Defendants under Fed. R. Civ. P. 4(f)(3).

### a.  Service by Regular Mail

Whether service of process by regular mail is permissible pursuant to Fed. R. Civ. P. 4(f)(1) depends on China's position with regard to Article 10 of the Hague Convention.  Article 10 of the Hague Convention states: "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad."  As noted by the Trustee, China objects to service through postal channels.  *See e.g., Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013)(further citations omitted).

Despite China's clear objection to service by "postal channels," the Trustee argues that "the defendants in the instant adversary proceeding have not filed any formal objection in these proceedings challenging service by mail."  The Trustee did not offer any support for the position that a defendant has to object to service by mail even where the foreign country explicitly objects to such service under the Hague Convention.  Accordingly, the Trustee cannot satisfy service under Fed. R. Civ. P. 4(f)(1).

### b.  Substituted Service on Counsel

Under Fed. R. of Civ. P. 4(f)(3), the Hague Convention is not the exclusive means by which a party may serve a foreign entity.  And, there is no requirement that service under Fed. R. Civ. P. 4(f)(3) has to be a last resort.  *See e.g. Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) ("[t]he Ninth Circuit has rejected the contention that Rule 4(f)(3) can only be utilized if other methods of service have failed or been shown to be unduly burdensome . . . Rather, it has held that service under the Hague Convention, pursuant to Rule 4(f)(1), is not necessarily preferable to the manners of service permitted by Rule 4(f)(3)."); *see also Rio Properties v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[b]y all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).").

Page 7
July 22, 2015

However, alternate service must: (1) not be prohibited by international agreement and (2) be authorized by court order.  Here, the Trustee did not file a motion for substituted service or otherwise move before the court for an order permitting substituted service on counsel for Sibading and counsel for Good Sports.  Accordingly, although the Trustee may have grounds to satisfy Fed. R. Civ. P. 4(f)(3), he has not done so yet by formal motion.  *See Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d at 565 ("As a general matter, '[t]he only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.'" (further citations omitted)).

In a motion for substituted service, "the court-ordered method of service must still be reasonable."  *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, *4 (N.D. Cal. June 12, 2008).  "'Even if facially permitted by Rule 4(f)(3), a method of process must also comport with constitutional notions of due process.  To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *In re LDK Solar Sec. Litig.*, 2008 WL 2415186 at *4, *quoting Rio*, 284 F.3d at 1016.

In many instances, courts will authorize substituted service on counsel.  *See e.g., FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 535 (E.D. Va. 2005); *Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014); *Richmond Technologies, Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012).  "Of course, a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney."  *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267.

The Trustee argues that service on United States counsel would satisfy due process because "counsel in this case was actually engaged in the bankruptcy proceedings" by virtue of filing proofs of claim in the main case.  This argument seems to have merit, but it should be made in the context of a motion to approve substituted service under Fed. R. Civ. P. 4(f)(3).

## II.      Local Rule 7055-1, Entry of Default and Default Judgment

As an additional matter, counsel for the Trustee did not fully comply with Local Rule 7055-1(b) for entry of default judgment.

In pertinent part, Local Rule 7055-1 provides:

> the party seeking entry of a default judgment shall file with the Clerk of the Court an application for default judgment containing the following:
>
> (1) A request to enter default judgment.

Page 8
July 22, 2015

      (2) An affidavit in support of default judgment, executed by an individual having personal knowledge of the facts set forth therein, which sets for with specificity each element of at least one case of action asserted in the initial pleading.  The supporting affidavit must comply with 50 App. U.S.C. § 521 regarding defendant's military status.  The affidavit must also allege that the defendant is not an infant or incompetent person . . . .

      (3) Appropriate documentary evidence to support the allegations in the affidavit.

      (4) A proposed form of judgment.

D.N.J. LBR 7055-1(b).

      The Motions to Enter Default Judgment do not include affidavits: (i) stating the elements for a cause of action for a preferential transfer; and (ii) stating each defendant, as a corporation, is not in the military and is not an infant or incompetent person.  Accordingly, to the extent the Trustee renews his Motions for Default Judgment, he should comply with these technical requirements.

**CONCLUSION**

      While this Court recognizes the delay and obstacles that may accompany service abroad, neither service by mail nor a retroactive request for substituted service is proper under the circumstances.  The Trustee's Motions to Enter Default Judgment against both Sibading and Good Sports is denied, without prejudice.  Counsel may file appropriate Motions for substituted service and then renew the request for default judgment, if appropriate.  An Order in conformance with this Opinion has been entered by the Court and is attached hereto.

                  Very truly yours,

                  *John K. Sherwood*

                  JOHN K. SHERWOOD
                  UNITED STATES BANKRUPTCY JUDGE

Enclosure